## KEENEY v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. March 21, 1927.)

No. 3827.

1. Contempt ⊕=66(7)—Finding of guilty of contempt sustained by evidence may not be disturbed.

Where there is sufficient evidence to sustain charge of contempt of court, Circuit Court of Appeals is not authorized to disturb lower court's finding of guilty.

2. Contempt ⊕=12, 13—Alleged misbehavior of prohibition agent in accepting bribe to influence testimony and procure absence of other witnesses held "contempt of court" (Comp. St. §§ 10304, 10305).

Alleged misbehavior of prohibition agent in having accepted bribe to influence his testimony and for lending his influence to procure absence of other witnesses and to prevent them from testifying *held* contempt of court, under Comp. St. §§ 10304, 10305, as having a direct tendency to impair the efficiency of administration of justice and obstruct its due course.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Contempt.]

In Error to the District Court of the United States for the Indianapolis Division of the District of Indiana.

Wilbur J. Keeney was convicted of contempt of court, and he brings error. Affirmed.

William Bosson, of Indianapolis, Ind., for plaintiff in error.

Albert Ward, of Indianapolis, Ind., for the United States.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. The district attorney filed in the court below his verified information, together with the affidavits

upon which it was predicated, charging the plaintiff in error with contempt of court. The information, in substance, alleged that plaintiff in error, who was a prohibition agent at the time, arrested two persons, Casey and Webber, in the act of violating the prohibition law; that he had them bound over to court, and in due course appeared before the grand jury and testified as to the facts of the violation; that upon his testimony, in connection with other facts and circumstances submitted to the grand jury, an indictment was returned against Casey and Webber, charging them with the violation aforesaid; that they were arrested, arraigned upon said indictment, and pleaded not guilty; that the cause was set for trial for the 14th day of June, 1926; that plaintiff in error, on the 12th day of June, 1926, with the intent and purpose of being corruptly influenced in his testimony in the trial of said case, and of using his influence to prevent two other witnesses from testifying in said case, and to procure them to be absent from such trial on said June 14th, took and accepted from Casey the sum of $200 for a bribe to influence his own testimony and for the further purpose of lending his influence to procure the absence of said other witnesses and to prevent them from testifying in the cause; that the payment by Casey to plaintiff in error did, in fact, corruptly influence plaintiff in error as a witness in said trial; and that the further result was to obstruct the administration of justice and to cause the postponement of the trial from Monday, June 14, to Wednesday, June 16, 1926.

Plaintiff in error filed his answer admitting certain of the facts set out in the information, but denying that he received or accepted the money, and alleging that at no time had he used his influence with said other witnesses, or in any way sought to prevent their attendance upon the trial.

The evidence was heard by the court, and plaintiff in error was found guilty.

There are a number of assignments of error, but the principal contentions are, first, that the evidence does not sustain the charge; and, second, that, if the facts are as alleged, the acts of the plaintiff in error were not in the presence of the court or so near thereto as to obstruct the administration of justice.

[1] There is sufficient evidence to sustain the charge, and under such circumstances we are not authorized to disturb the court's finding. But we may say in passing that, in addition to the direct testimony of witnesses as to the

17 F.(2d)—62

agreement and the payment of the money, two witnesses, attorneys for Casey and Webber in the cause, testified to some significant conduct of plaintiff in error. One of them testified that on the afternoon of June 14 or the forenoon of June 15, after the case had been continued to June 16, plaintiff in error came to him and said, "When I get on the witness stand now you can ask me the question and I won't be able to identify Casey." The other testified that on Monday afternoon, June 14, after the case was continued, plaintiff in error came to him and said, "if you ask me the question when I am on the witness stand, I won't be able to identify Casey as being the man who carried the whisky across and put it in the car." Plaintiff in error testified in his own behalf. Among other things, he said that he arrested Casey at the time of the commission of the crime and took him into custody and to the police station; that he testified before the grand jury as alleged; that on Saturday, June 12th, he met Casey and had a conversation with him; that on the next day, Sunday, he met him at a restaurant, sat at a table with him and had some refreshments, for which Casey paid; that after that, on the same afternoon, he met Casey at a pool room and drove around with him and another person for about an hour. It was at these times that Casey testified that the agreement for the payment of the money and the payment thereof were made. In view of this testimony of the plaintiff in error, the evidence of these attorneys, that he said he would not be able to identify Casey, is strongly corroborative of the facts alleged against him.

Section 9831, Barnes' Federal Code (Comp. St. § 10304), provides:

"Whoever, being, or about to be, a witness upon a trial hearing or other proceeding, before any court or any officer authorized by the laws of the United States to hear evidence or take testimony, shall receive, or agree or offer to receive, a bribe, upon any agreement or understanding that his testimony shall be influenced thereby, or that he will absent himself from the trial, hearing, or other proceeding, or because of such testimony, or such absence, shall be fined not more than two thousand dollars, or imprisoned not more than two years, or both."

And the following section, 9832 (Comp. St. § 10305), makes it a crime for any one to corruptly endeavor to influence any witness in any court of the United States. Both of these sections appear in the Criminal Code under the title "Offenses against Public Justice."

[2] That the misbehavior alleged and testified to against the plaintiff in error amounts to a contempt of court is too clear to admit of discussion. It had a direct tendency to impair the efficiency of the administration of justice and to obstruct its due course. It tended to degrade and render impotent the authority of the court, and to impede and embarrass the administration of justice.

But it is insisted that the misbehavior of the plaintiff in error was not in the presence of the court or so near thereto as to obstruct the administration of justice. Whether the misbehavior was so near the court as to obstruct the administration of justice depends upon the character of the act done and its direct tendency to impede, embarrass, delay, or obstruct the administration thereof. Plaintiff in error testified that he was served with a subpœna to attend the trial as a witness shortly before 12 o'clock on Monday, June 14th, and that he attended that afternoon. A witness connected with the prohibition enforcement bureau testified that on Tuesday morning, June 15th, plaintiff in error came to him in the courtroom and asked him if Casey or Webber was in the courtroom, saying, "I would just like to get a look at those fellows to know whether I could identify them or not;" and that he did not know whether he would know Casey or not. This, in connection with his own testimony that he had arrested Casey, had taken him to the police court, had met and conversed with him on Saturday, June 12th, had sat with him in a restaurant on the afternoon of June 13th, and had refreshments with him and permitted Casey to pay for the refreshments, that he had ridden with him in an automobile on that same afternoon for more than an hour, indicates strongly that he was preparing to be unable to identify Casey when called upon to do so in the trial. His misbehavior consisted not alone in receiving and accepting the bribe, but in carrying out his corrupt agreement; and his conduct in the courtroom, while court was in session, was in furtherance of his corrupt plan. If this portion of his misbehavior was not in the presence of the court, it certainly was as near thereto as it was possible to bring it. Fisher v. McDaniel, 9 Wyo. 457, 64 P. 1056, 87 Am. St. Rep. 971.

Although plaintiff in error testified at considerable length in his own behalf and denied many things that were testified to against him, he did not deny that he came into the courtroom and had the conversation with the enforcement officer, nor did he deny that he had approached the lawyers for the defendants in the cause and had volunteered the statements testified to by them.

Affirmed.